IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LETRELL DEVONTE LEWIS                                          PLAINTIFF

v.                              Civil No. 5:25-cv-05252-TLB-CDC

TAYLOR ELKINS; RACHEL AKE; SETH
PINNER; RANDALL SCHWAB; KELLEY
HINLEY; TANYA; KARA
CORRECTIONAL HEALTH; and
SERGEANT RAMOS                                                DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). For the reasons given below, the undersigned recommends that the first and third claims in Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

Plaintiff Letrell Devonte Lewis was incarcerated at the Washington County Detention Center ("WCDC") when he filed this lawsuit on November 25, 2025. *See* ECF No. 2. Plaintiff's Complaint, *id.*, asserts three claims. The first claim alleges that while incarcerated at the WCDC he was denied appropriate medical care in violation of the United States Constitution. *See id.* at

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

7–9. His second claim alleges that during his arrest leading to his incarceration, excessive force was used against him. *See id.* at 10–11. And his third claim alleges that he was subjected to unconstitutional conditions of confinement at the WCDC. *See id.* at 11–12. As relief, Plaintiff seeks $110,000.00 in compensatory damages, and asks that various employees of WCDC be fired and contracts with WCDC be terminated. *See id.* at 13–15.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978).  To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a right secured by the Constitution or laws of the United States.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

As noted above, Plaintiff's first claim is for denial of medical care.  A state actor violates the Constitution when it is deliberately indifferent to a prisoner's serious medical needs.  *See De Rossitte v. Correct Care Solutions, LLC*, 22 F.4th 796, 802 (8th Cir. 2022).  A claim for deliberate indifference must satisfy two elements: (1) that Plaintiff had "an objectively serious medical need" and (2) that Defendants "knew of and disregarded that need."  *Id.*  Plaintiff alleges that on two occasions while he was incarcerated at WCDC he was prescribed anti-psychotic medication "without my consent," *see* ECF No. 2, p. 7, though he also clarifies that he has not taken this medication and has thus avoided being charged any money for it, *see id.* at 9.  He also alleges that when he requested that medical providers at WCDC provide him with permethrin cream to treat flea bites, they declined to do so, citing a policy that this is an insecticide "that is approved for treating scabies and head lice" but that is not approved for treating flea bites, and that they instead "try to charge me for meds."  *See id.* at 7–8.  Neither of these allegations constitutes disregard of Plaintiff's medical needs; rather, they simply constitute treatment decisions, made after evaluation, with which Plaintiff disagrees.  But a prisoner's "disagreement with . . . diagnoses and treatment decisions is not actionable under § 1983."  *Reid v. Griffin*, 808 F.3d 1191, 1192–93 (8th Cir. 2015).

Plaintiff also alleges that he did not receive any treatment for "cuts on my tongue" and "a misaligned tooth" despite having notified medical personnel at the WCDC of these conditions. *See* ECF No. 2, p. 9. But there are no factual allegations in the Complaint to support an inference that these constituted objectively serious medical needs. Finally, Plaintiff also complains that medical providers at WCDC have "an inadequate solution to treating toenail fungus," but he does not provide any explanation of whether this is a condition from which *he* suffered, nor of whether he requested treatment for it, whether he was evaluated for it, what course of treatment was provided, etc. *See id.* Thus there is no factual basis in the Complaint to support an inference that he had any medical need at all related to toenail fungus or that Defendants knew of and disregarded that need.[2] Accordingly, Plaintiff's first claim should be dismissed for failure to state a claim.

Turning now to Plaintiff's third claim, he frames it as one being brought for unconstitutional conditions of confinement, *see id.* at 11, though in substance it appears to simply be a reassertion of his previously-discussed claim for deliberate indifference to medical needs regarding his flea bites, *see id.* at 11–12. He brings this claim against WCDC medical providers, and asserts that the treatment they use for flea bites "does not permanently kill fleas." *See id.* at 12. But here too, this amounts not to disregard for Plaintiff's medical needs, but rather simply to a disagreement he has with the course of treatment these Defendants have prescribed, which, as noted above, is not actionable under § 1983. *See Reid v. Griffin*, 808 F.3d at 1192–93. Therefore, Plaintiff's third claim should also be dismissed.

---

[2] It should be noted that Plaintiff has filed a separate lawsuit in which he alleged greater factual detail relating to his toenail fungus. The undersigned has recommended dismissing that particular claim in that case as well, on the grounds that Plaintiff simply disagrees with the diagnosis he was provided for that medical issue, and that such disagreement is not actionable under § 1983. *See Lewis v. Ramos et al.*, Case No. 5:26-cv-5003 (W.D. Ark.), ECF No. 15, p. 4.

## IV.  CONCLUSION

For these reasons, it is recommended that:

(1)     Claims 1 and 3 of Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and

(2)     Defendants Rachel Ake, Randall Schwab, Kelley Hinley, Tanya, Kara Correctional Health, and Sergeant Ramos, against whom claims 1 and 3 were brought, be dismissed from this case.

This leaves for later resolution claim 2 of Plaintiff's Complaint against Defendants Taylor Elkins and Seth Pinner regarding excessive force.  By separate order the Complaint will be served on those two Defendants.

**Status of Referral: This case should remain referred for all matters not recommended for dismissal in this report and recommendation.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **19th day of March 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

5