IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LETRELL DEVONTE LEWIS PLAINTIFF

v. Civil No. 5:25-cv-05252-TLB-CDC

TAYLOR ELKINS and SETH PINNER DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff Letrell Devonte Lewis, who was incarcerated when he filed this lawsuit, proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court are the Motion to Dismiss (ECF No. 27) and Brief in Support (ECF No. 28) filed by the Defendants in this matter. For the reasons given below, the undersigned recommends that the Motion be GRANTED, and that this case be DISMISSED WITHOUT PREJUDICE.

## I. DISCUSSION

Plaintiff filed his Complaint in this matter on November 25, 2025. *See* ECF No. 2. Following preservice screening, *see* ECF Nos. 16 and 21, the Complaint was served on Defendants Taylor Elkins and Seth Pineer, *see* ECF Nos. 17, 19–20, who filed their Answer (ECF No. 23) on April 9, 2026. Four months later, on August 14, both Defendants filed a joint Motion to Dismiss (ECF No. 27) and Brief in Support (ECF No. 28). In these filings, Defendants asserted that on August 4, their mailing of initial disclosures to Plaintiff was returned to them by the United States Postal Service with the label of "Return to Sender / Unable to Forward." *See* ECF No. 28, p. 1.

This package had been mailed to Plaintiff at the last address he provided this Court following his release from Washington County Detention Center. *Compare* ECF No. 15 *with* ECF No. 27-2. Plaintiff's last Notice of Change of Address, containing that address, was filed on March 18, 2026. *See* ECF No. 15. Local Rule 5.5(c)(2) requires parties who are not represented by counsel "to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently." And a February 24, 2026 Order of this Court directed Plaintiff to notify the Court of any new address within thirty days of its change. *See* ECF No. 13. Defendants asked in their Motion that Plaintiff's case be dismissed for failure to prosecute, since he has not kept them and the Court apprised of the apparent subsequent change in his address. *See* ECF No. 28, pp. 1–2.

This Court entered an Order on August 14, directing Plaintiff to respond to Defendants' Motion by September 4, and warning that "failure to timely and properly comply with this Order shall result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2)." *See* ECF No. 29. That Order was mailed to Plaintiff at his last known address, and has not been returned as undeliverable. Indeed, none of this Court's mailings to Plaintiff have been returned as undeliverable. It appears, then, that either Plaintiff has moved but failed to timely update his contact information with the Court and with Defendants, or else he has not moved but has failed to timely respond to Defendants' Motion. In either event, Plaintiff has failed to prosecute his case and to comply with an Order of this Court.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district

court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, and as previously mentioned, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, to prosecute or defend the action diligently, and to promptly notify the Clerk and the other parties to the proceedings of any change in their address.

## II. CONCLUSION

Accordingly, it is recommended that Defendants Taylor Elkins's and Seth Pinner's Motion to Dismiss (ECF No. 27) be **GRANTED**, and that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **14th day of September 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE